Alice Bower
Attorney at Law
6421 Camp Bowie, Suite 300
Fort Worth, Texas 76116
(817) 737-5436 Telephone
(817) 737-2970 Fax
Attorney for Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-45305-DML |
| | § | Adversary No. _____ |
| SHEILA R. ENDERLE | § | |
|     DEBTOR(S) | § | CHAPTER 13 |

**DEBTORS' COMPLAINT TO DETERMINE REAL ESTATE LIEN TO BE VOID
ENJOIN COLLECTION ACTION
AND APPLICATION FOR PRELIMINARY   INJUNCTION**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, SHEILA R. ENDERLE by and through the undersigned counsel, and files this "Debtors' Complaint to Determine Real Estate Lien to be Void, Enjoin Collection Action and Application for Preliminary Injunction" ("Complaint" and/or "Application") in the above captioned bankruptcy case, and in support thereof would respectfully show the Court the following:

**I**.
**Parties**

Plaintiffs can be served by and through their counsel, Alice Bower, PO Box 2268, Fort Worth, Texas 76113, telephone (817)737-5436 and fax of (817)737-2970 or email alicebower@alicebower.com.

Defendants are the following:

Leo K. Wentz, who will be served at his address, 3306 Oak Run Lane, Mansfield, TX 76063.

Michelle Wentz, who will be served at her address, 3306 Oak Run Lane, Mansfield, TX 76063

Bank of America, National Association, the current mortgage holder, may be served through Kenneth D. Lewis, Chief Executive Officer and President, Bank of America Corporation, 100 N. Tryon Street, Charlotte, NC 28255.

Litton Loan Servicing, LP, the current mortgage servicing company, may be served through Larry B. Litton, Sr,, President, 4828 Loop Central Drive, Houston, TX 77081.

Substitute Trustees, Kevin Key, Clyde Edwards, James Urbanczyk, Selim Taherzadeh, Carn Penterstone, David Moon, ("Trustees") who may be served at their address of record, 9441 LBJ Freeway, Suite 250, Dallas, Texas 75243.

A courtesy copy of this adversary proceeding will be furnished to Tim Truman, Standing Chapter 13 Trustee, by electronic means.

## II.
## Jurisdiction

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This Adversary is filed pursuant to 11 U.S.C. §§ 105, 361, 362, and 541 and Bankruptcy Rule 7004. This is a core proceeding.

3. The Plaintiff asserts that all property listed in the debtor's schedules A and B (the "Property") is property of the estate under 11 U.S.C. §541 and is subject to claim of exemption by the Plaintiff.

## III.
## Background Facts

4. Debtor, SHEILA R. ENDERLE, purchased a house and lot for cash from the defendant, Leo K. Wentz ("Wentz"). Leo K. Wentz is the debtor's brother. Wentz was a building contractor who had built the subject property. The address of the subject property is 8 Oak Run Court, Mansfield, Texas 76063 ("the property" or "the subject property"). The legal description of

the property is:

> Being Lot 4, Block 3 of Oak Run Estates, an addition to the City of Mansfield, Tarrant County, Texas according to the plat thereof recorded in Cabinet A, Slide 5728, Plat Records, Tarrant County, Texas.

5. After the purchase of the property, Wentz, failed to deliver the deed to the property to the plaintiff. Wentz claimed that there was an error in the deed and that the deed would be furnished to the plaintiff as soon as the error was corrected.

6. Thereafter, on or about July 12, 2004, the defendants, Leo K. Wentz and Michelle Wentz (collectively "the Wentzes"), incurred a lien against the property without the knowledge or consent of the plaintiff. In obtaining the lien, the Wentzes obtained funds which they diverted to their own purposes. The plaintiff did not benefit from the lien.

7. The lien that the Wentzes obtained was secured by property that the plaintiff owns, not the Wentzes. The original note was owned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. SOLELY AS NOMINEE FOR HOMECOMINGS FINANCIAL NETWORK, INC. ITS SUCCESSORS AND ASSIGNS. The defendant, Bank of America ("bank" or "mortgage company") now owns the note.

7. In order to obtain the lien, the Wentzes fraudulently claimed that the property was their own. The representation that the Wentzes owned the property was false at the time that the statement was made. The Wentzes knew that the statement was false. The Wentzes intended that the mortgage company would rely on the false statement in order to obtain the funds that were used for their own purposes.

8. The original mortgage company was MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. SOLELY AS NOMINEE FOR HOMECOMINGS FINANCIAL NETWORK, INC. ITS SUCCESSORS AND ASSIGNS. Upon information and belief, the note is now owned

by Bank of America.

9. The Note that is secured by the property is in default. The Wentzes have failed to make payments on the note. The property is set for foreclosure for January 5, 2010.

## IV.
## Request for Immediate Relief

10. The defendants Bank of America and the trustees should be immediately restrained from foreclosing upon the property.

11. To allow the bank to foreclose would cause irreparable injury to the plaintiff for which she would have no adequate relief. The property is the debtor's homestead. She lives in the home with her elderly father and her children.

## V.
## Cause of Action

12. Debtor paid to the defendant Wentz, the fair market value of the property at the time that the property was purchased. Wentz should be ORDERED to pay the debt owed to the Bank of America, or in the alternative, Wentz should be ORDERED to pay the debtor the current fair market value of the property.

13. The lien against the property should be found to be void. The Wentzes had no standing to incur a lien which was secured by the plaintiff's property.

14. Defendant Bank of America has a lien against this property which was fraudulently obtained by the Wentzes. This lien should be found to be void. The Wentzes did not own the property at the time that they obtained the lien. The plaintiff was the true owner of the property. The plaintiff did not authorize the Wentzes nor any other person to obtain a lien against her property.

## V.
## Points of Authority

15. This Adversary arises out of Plaintiff's bankruptcy case under Chapter 13 of Title 11.

16. This Court has jurisdiction over this Adversary pursuant to 28 U.S.C. §157, and 11 U.S.C. §105(a).

17. A bankruptcy court's power authorizes it to issue any order that is necessary to carry out the provision of the bankruptcy code pursuant to 11 U.S.C. §105.

18. Defendant Bank of America has posted this property for foreclosure on January 5, 2010 and the Plaintiff is requesting that the Court set an emergency hearing and grant a Preliminary Injunction against such foreclosure enjoining Defendant Bank of America, its agents, servants and employees from directly or indirectly proceeding with the pending foreclosure action scheduled for January 5, 2010, and until such time as the Court can conduct a final hearing on this Matter. Unless the Defendant is preliminarily enjoined from selling the Property at foreclosure, the Trustee, the bankruptcy estate, and the creditors will suffer immediate, irreparable injury, loss or damage, and the administration of this case will be impaired.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for relief in law and equity to which they may show themselves entitled for a Preliminary Injunction against Defendant, its agents, servants and employees from proceeding with the scheduled foreclosure sale scheduled on January 5, 2010, for a judgment finding that the lien which is secured by the property is void, a judgment against the Wentzes for actual and exemplary damages and other relief as the Court may deem just.

        Respectfully submitted,
        /s/ Alice Bower
        Alice Bower
        Attorney at Law
        6421 Camp Bowie, Suite 300
        Fort Worth, Texas 76116
        Tel: (817) 737-5436
        Fax: (817) 737-2970
        SBN 15148500

### CERTIFICATE OF CONFERENCE

On December 30, 2009, I began the search for information on contacts for Bank of America and Litton Loan Servicing, L.P. Both companies have "contact us" links on their websites. Both required a user name and login information including account numbers which are not available to plaintiff nor her counsel as she is not the party on the loan. As a result, I was unable to contact either of those defendants.

On December 30, 2009, I contacted the law firm of Bryce, Vander Linden & Wernick, P.C. for the purposes of conferring regarding the foreclosure. I spoke with Susan Kennedy, a legal assistant, she advised me that Selim Taherzadeh was out of the office. She also requested that I fax information to them. Accordingly, I am faxing this Complaint prior to filing it in an attempt to resolve this issue without Court intervention.

        /s/Alice Bower